UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                    CASE NO.: 17-21018-LMI
                                                          CHAPTER 13

Aleida C. Nunez,

    Debtor.

_____/

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

REVERSE MORTGAGE SOLUTIONS, INC. ("Secured Creditor"), by and through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 Plan (DE #7), and states as follows:

1. Debtor, Aleida C. Nunez, filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on August 30, 2017.

2. Secured Creditor holds a security interest in the Debtor's real property located at 9940 SW 155 AVENUE, MIAMI, FL 33196, by virtue of a Mortgage recorded on July 14, 2008 in Book 26476, at Page 3178-3186 of the Public Records of Miami-Dade County, FL.  Said Mortgage secures a Note up to the maximum amount of $531,000.00.

3. The Debtor filed a Chapter 13 Plan on August 30, 2017.

4. Debtor's Plan indicates the Debtor intends to cure the arrears through the Plan. However, this is a reverse mortgage. Secured Creditor objects to the Debtor's treatment of the subject real property as this is a reverse mortgage and there are no regular monthly payments. Furthermore,

Secured Creditor's claim has fully matured, and became due and payable in full prior to the filing of the instant Bankruptcy due to the last borrowers death. The total payoff amount is $390,671.74.

5. Olga E Nunez is the only Borrower on the loan and has passed away, therefore, there is no ability to cure any perceived arrears as the loan has fully matured and is fully due and payable.

6. Debtor's proposed treatment of Secured Creditor is impermissible where the loan has matured and is fully due and payable. However, should this Court allow Debtor to modify the rights of Secured Creditor, the only exception in which Debtor could modify the rights of Secured Creditor would be under 1322(c) on debtor's principal residence.

7. Bankruptcy code 13229(c) states that if the property is the Debtor's principal residence and the last payment due on the original payment schedule is due prior to the final payment under the plan, the Debtor may only modify the rights of Secured Creditor by providing to pay the entire amount in full through the plan.

8. Secured Creditor's claim is secured by a security interest in real property that is the Debtor's principal residence and as such, said claim cannot be modified except by curing the default over a reasonable period of time not to exceed the jurisdictional limits of Chapter 13. See 11 U.S.C. § 1322.

9. Secured Creditor retains the right to supplement or amend this Objection at a later date

WHEREFORE, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 13, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

**Aleida C. Nunez**
9940 SW 155th Avenue
Miami, FL 33196

**Gianny Blanco**
10647 N Kendall Drive
Miami, FL 33176

**Edward Freire**
10647 N Kendall Drive
Miami, FL 33176

**Nancy K. Neidich**
POB 279806
Miramar, FL 33027

**U.S. Trustee**

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

                        Robertson, Anschutz & Schneid, P.L.
                        Attorney for Secured Creditor
                        6409 Congress Ave., Suite 100
                        Boca Raton, FL 33487
                        Telephone: 561-241-6901
                        Facsimile: 561-997-6909

                        By: /s/Bouavone Amphone
                        Bouavone Amphone, Esquire
                        FL Bar Number 20644
                        Email: bamphone@rasflaw.com