UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Case No.: 17-21018-LMI

Aleida C. Nunez,                                          Chapter 13

    Debtors.
_____/

## RESPONSE IN OPPOSITION TO CREDITOR'S OBJECTION TO CONFIRMATION

**COMES NOW** the Debtor, **Aleida C. Nunez,** by and through her undersigned counsel and files this Response in Opposition to Creditor's Objection to Confirmation of Debtor's Chapter 13 Plan [DE#19], and as grounds therefore would show:

1. The Debtor obtained an interest in her homestead property by way of a Quit Claim Deed recorded in OR Book 24099, Page 3226 on December 29, 2005.

2. The Debtor's mother, Olga Nunez, now deceased, and the Debtor, Aleida C. Nunez both signed an Adjustable Rate Home Equity Conversion Second Mortgage which was recorded in OR Book 26476, Page 3187 on July 14, 2008.

3. Pursuant to the terms of the Mortgage, "THIS MORTGAGE ("Security Instrument" or "Second Security Instrument" is given on June 24, 2008. The mortgagor is Olga Nunez a/k/a Olga E. Nunez, a single woman, as to Life Estate interest and **Aleida C. Nunez**, a single woman, as to the remainder, whose address is 9940 Southwest 155th Avenue, Miami, FL 33196. ("**Borrower**"). ... Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan

Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Second Note")."

4. Pursuant to Paragraph Nine (9) of the Adjustable Rate Home Equity Conversion Second Mortgage, "**Grounds for Acceleration of Debt.**" **(a) Due and Payable**. Lender may require immediate payment in full of all sums secured by this Security Instrument if: (i) **A Borrower dies and the Property is not the Principal Residence of at least one surviving Borrower ; . . .**"

5. Again in Exhibit A it states, "Exhibit A to the Mortgage given on June 24, 2008 by Olga Nunez a/k/a Olga E. Nunez, a single woman, as to Life Estate Interest and Aleida C. Nunez, a single woman, as to the remainder ("Borrower")

6. The word "Borrower" is not ambiguous. If Creditor argues that the word "Borrower" is ambiguous the contract must be construed against the drafter. Billings v. Unum Life Ins. Co. Of America, 459 F.3d 1088, 1094 (11th Cir. 2006).

7. Pursuant to 24 C.F.R. § 206.27(c)(1), "(c) *Date the mortgage comes due and payable.* (1) The mortgage shall state that the mortgage balance will be due and payable in full if a mortgagor dies and the property is not the principal residence of at least one surviving mortgagor . ." It is clear by the documents that the Debtor is a mortgagor. Not only is she a mortgagor, but by the clear and explicit language of the Mortgage documents she is a Borrower.

8. The Third District Court of Appeal has two cases in which the Court looked to the Code of Federal Regulations in ruling against Reverse Mortgage Solutions, Inc., and finding in favor of a remaining mortgagor., Edwards vs. Reverse Mortgage Solutions, Inc., decided on March 2, 2016 following its earlier decision of Smith

v. Reverse Mortgage Solutions, Inc., 2015 WL 4257632. In ruling in favor of the Appellant, the Court concluded, "Accordingly, Reverse Mortgage may not foreclose the mortgage, pursuant to the 9(a)(I) acceleration provision, against Mrs. Edwards, who is a surviving borrower under the mortgage, but not a borrower under the note." Edwards on page 5.

9. Under information and belief the Creditor has an insurance contract with HUD and as such the mortgage must conform to the aforementioned Code of Regulations sections.

10. The Debtor has incurred reasonable attorneys' fees in responding to the Objection to Confirmation. Paragraph 24 of the Mortgage provides, "Attorneys' Fees. As used in this Security Instrument. As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court." Pursuant to Florida Statute § 57.105(7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take action to enforce the contract, the court may also allow reasonable attorney's fees to the otehr party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."

**WHEREFORE**, for the above reason undersigned counsel prays this Honorable Court enter an Order Overruling the Creditor's Objection to the Confirmation of the Debtor's Chapter 13 Plan and award attorneys' fees to Debtor's counsel for having to respond to Creditor's objection.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 1 day of November, 2017 to **Nancy K. Neidich, Trustee,** via NEF, **Reverse Mortgage Solutions, Inc., c/o Bouavone Amphone, Esq.,** via NEF and the **Debtor** in the instant case via first class mail.

_____
FREIRE & GONZALEZ, P.A.,
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[X] Laila S. Gonzalez, Esq. FBN: 0975291
[ ] Gianny Blanco, Esq., FBN: 0078080
10647 N. Kendall Dr
Miami, FL 33176
Tel: (305) 826-1774
Fax: (305) 826-1794
courtdoc@fgbkc.com