UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    Case No.: 17-21018-LMI

Aleida C. Nunez,                                                                 Chapter 13

    Debtor.
_____/

### REPLY TO CREDITOR'S MEMORANDUM OF LAW IN OPPOSITION TO CREDITOR'S OBJECTION TO CONFIRMATION

**COMES NOW** the Debtor, **Aleida C. Nunez,** by and through her undersigned counsel and files this Reply in Opposition to Creditor's Memorandum of Law [DE#48] and Objection to Confirmation of Debtor's Chapter 13 Plan [DE#19], and as grounds therefore would show:

### STATEMENT OF FACTS

1. The Debtor has been a titled owner of the property located at 9940 SW 155th Ave., Miami, FL 33196 since December 29, 2005 as evidenced by the Quit Claim Deed recorded in OR Book 24099, Page 3226 of the Public Records of Miami-Dade County, Florida.

2. Throughout the process of looking into and acquiring the Mortgage, the Debtor was assured that she was on the loan.

3. On June 24, 2008, the Debtor and her mother, Olga Nunez, jointly executed an Adjustable Rate Home Equity Conversion Mortgage (the "Mortgage") which was recorded on July 14, 2008, in OR Book 26476, Page 3178, of the Public Records of Miami-Dade County, Florida.

4. On June 24, 2008, the Debtor's mother executed an Adjustable Rate Note (the "Note") and Home Equity Conversion Loan Agreement (the "Loan Agreement").

5. That same day, the Debtor and her mother executed another Quit Claim Deed, recorded on July 3, 2008 in OR Book 26463, Page 3178 of the Public Records of Miami-Dade County,

1

Florida, transferring the Debtor's joint tenancy in the property in favor of a life estate to her mother and a remainder interest to herself.

6. On September 5, 2015, Creditor filed a Complaint and initiated foreclosure proceeds against the Debtor and her mother as a result of their failure to maintain taxes and insurance on the subject property.

7. On August 30, 2017, the Debtor filed the instant case and has proposed since the inception of her case to cure the amounts owed for taxes and insurance.

8. On November 13, 2017, Creditor filed Proof of Claim (Claim 3), which provided that the amount needed to cure any default as of the date of filing was $2,745.56.

9. On January 3, 2018, Creditor filed an Amended Proof of Claim (Claim 3-2), reflecting a total amount due of $390,671.74.

10. The Mortgage executed by the Debtor and her mother includes an acceleration clause which states that a "Lender may require immediate payment in full of all sums secured by this Security Instrument if: a Borrower dies *and the Property is not the principal residence of at least one surviving Borrower;* ..."[1] As the Debtor is indicated as a borrower in the Mortgage, the conditions for acceleration have not yet been met and the Debtor's proposed Amended Chapter 13 Plan, providing for the cure of the pre-petition amounts due for taxes and insurance, should be confirmed.

## MEMORANDUM OF LAW

**I.   The Debtor is a "Borrower" under the Reverse Mortgage**

The Mortgage, executed by the Debtor and her mother, states, in pertinent part, that, "THIS MORTGAGE ("Security Instrument") is given on June 24, 2008. The mortgagor is Olga Nunez a/k/a Olga E. Nunez, a single woman, as to Life Estate interest and Aleida C. Nunez, a single woman, as to the

---

[1] Proof of Claim No.: 3-2; Mort. ¶9.

remainder, whose address is 9940 Southwest 155th Avenue, Miami, FL 33196 ("Borrower"). ..."[2] clearly identifying both the Debtor and her mother as borrowers on the face of the Mortgage. The word "borrower" is not ambiguous. If the Creditor argues that the word "borrower" is ambiguous the contract must be construed against the drafter.[3] Additionally, Section 206.27(c)(1) of the Code of Federal Regulations provides that a mortgage "shall state that the mortgage balance will be due and payable in full if a mortgagor dies and the property is not the principal residence *of at least one surviving mortgagor*..."[4] It is clear by the mortgage documents that the Debtor is a mortgagor. In fact, not only is she a mortgagor, but by the clear and explicit reference to her as a "borrower," she is in fact a borrower.

The Third District Court of Appeal has two cases in which it looked to the Code of Federal Regulations in ruling against Creditor and finding in favor of a remaining mortgagor, specifically, *Smith v. Reverse Mortgage Solutions, Inc.*, 200 So. 3d 221 (Fla. Dist. Ct. App. 2006) and *Edwards v. Reverse Mortgage Solutions, Inc.*, 187 So. 3d 895 (Fla. Dist. Ct. App. 2016). In *Smith*, the Court looked to the plain language of the mortgage documents to determine if Mrs. Smith, whom had not signed the note, but had signed the mortgage, was a "borrower" under the mortgage. The *Smith* Court noted that the plain language of the mortgage indicates that both the Smiths are "borrower" under the mortgage, that the mortgage was signed by both Smiths and that the signatures were verified by witnesses. In fact, the *Smith* Court made it a point to note that whether the wife, Mrs. Smith, "signed the note was immaterial because the wife was seeking relief under the mortgage, not the note.[5] As a result, the Court found that Mrs. Smith was a borrower under the mortgage and "her death is a condition precedent to" the creditor's ability to accelerate the loan.[6] Similarly, in the instant case, the Debtor is referenced and identified as a "borrower" on the Mortgage and she signed the Mortgage, along with her mother, below the line that reads "By signing below, *Borrower* accepts and agrees to the terms and covenants contained in this

---

[2] Proof of Claim No.: 3-2; Mort. Preamble.
[3] *Billings v. Unum Life Ins. Co. of America*, 459 F. 3d. 1088, 1094 (11th Cir. 2006).
[4] Section 206.27(c)(1) of the Code of Federal Regulations (emphasis added).
[5] *Smith*, 200 S. 3d. at 225 n. 6.
[6] *Id.* at 226.

Security Instrument and in any rider(s) executed by Borrower and recorded with it,"[7] and said signature was witnessed.

In the instant case, the Debtor's mortgage document provides, as it did in *Smith*, that Creditor may require payment in full if, "a Borrower dies and the Property is not the principal residence of at least one *surviving Borrower*;"[8] Since the Debtor is a "Borrower" the condition precedent required for acceleration of the loan and/or immediate repayment in full has not been satisfied. While it is true that Olga Nunez, has passed away, the surviving Borrower, the Debtor, lives and occupies the subject property as her principal residence.

In *Edwards* the Court cited to the *Pitts* case, which found that "The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage. . ."), but said mortgage is ineffectual as a lien until such time as either the spouse joins in the alienation or the property loses its homestead status."[9] As in *Edwards* the Debtor was required to sign the Mortgage in order for the lien of Creditor to be effectual.

Judge Ray decided the case of *In re Pierre*, Case No.: 16-16516-RBR, on July 14, 2017, wherein the preamble of the mortgage referenced only the deceased husband, not the debtor, Mrs. Pierre. The debtor in *Pierre* argued that the acceleration clause had not been invoked and that she had a right to cure the escrows in her chapter 13 plan. In the *Pierre* decision Judge Ray cited to the *Edwards* and *Smith* cases and looked to the plain language of the mortgage and the Homestead provisions of the Florida Constitution. Judge Ray, in *Pierre*, followed the findings of the *Smith* court and found that the absence of Mrs. Pierre's signature on the note, an immaterial factor, allowed the debtor to cure, through her Chapter 13 plan, the arrearage owed for failure to pay insurance and property taxes on the property, citing to both

---

[7] Proof of Claim No.: 3-2; Mort., Page 7.
[8] Proof of Claim No.: 3-2, Mort., ¶9(Emphasis Added).
[9] *Edwards v. Reverse Mortgage Solutions, Inc.*, 187 So. 3d 895 (Fla. Dist. Ct. App. 2016)(quoting *Pitts v. Pastore*, 561 So.2d 297, 301 (Fla. 2d DCA 1990))

4

11 U.S.C. § 1322( c) and the case of *In re Michaud*[10] which acknowledges that a debtor's default in performing an obligation, such as failing to maintain insurance on the property, is not cause to accelerate the entire loan under the bankruptcy code, to further support his holding.

Creditor cites to the case of *Reverse Mortgage Solutions v. Eady* and argues that all of the documents should be considered as a whole. However, in the *Eady*[11] case, which ruled against a surviving spouse, the surviving spouse had signed multiple documents specifically identifying her as a "Non-Borrower Spouse." Specifically, Ms. Eady signed documents stating that she would be unable to assume the reverse mortgage loan and that the reverse mortgage would become due and payable upon either the death of Mr. Eady or his abandonment of the property as his primary residence. In contrast, no such documents exist in this case, The Mortgage clearly identifies the Debtor as a borrower.

## CONCLUSION

Although all of the cases cited concern married couples, the concepts regarding the Debtor being a borrower are constant. The Debtor owned the property. She signed the Mortgage. The Note would only have given her personal liability, rather than the *in rem* remedy provided for by the Mortgage. As a result, being a surviving borrower, the Debtor is entitled to cure the escrow amounts owed in her plan, just as the *Pierre* debtor was.

## REQUEST FOR ATTORNEY'S FEES

The Debtor has incurred reasonable attorneys' fees in responding to the Objection to Confirmation. Paragraph 24 of the Mortgage provides, "Attorneys' Fees. As used in this Security Instrument. As used in this Security Instrument and the Note, "attorneys' fees" shall include any attorneys' fees awarded by an appellate court." Pursuant to Florida Statute § 57.105(7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take action to

---

[10] 548 B.R. 582, 584 (Bankr. S.D. Fla. 2016)
[11] *Reverse Mortgage Solutions v. Eady*, Case No.: 01-2014-CA-00445, decided on February 27, 2017.

enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."

**WHEREFORE**, for the above reason undersigned counsel prays this Honorable Court enter an Order Overruling the Creditor's Objection to the Confirmation of the Debtor's Chapter 13 Plan and award attorneys' fees to Debtor's counsel for having to respond to Creditor's objection.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this ____ day of _____, 2018 to **Nancy K. Neidich, Trustee,** via NEF, **Reverse Mortgage Solutions, Inc.,** c/o **Christopher P. Salamone, Esq.,** via NEF and the **Debtor** in the instant case via first class mail.

FREIRE & GONZALEZ, P.A.,
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[X] Laila S. Gonzalez, Esq. FBN: 0975291
[ ] Gianny Blanco, Esq., FBN: 0078080
10647 N. Kendall Dr
Miami, FL 33176
Tel: (305) 826-1774
Fax: (305) 826-1794
courtdoc@fgbkc.com