UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No.: 17-21018-LMI

Aleida C. Nunez,                                    Debtor 13

    Debtor.
_____/

### OBJECTION TO CLAIM OF REVERSE MORTGAGE SOLUTIONS, INC. AND NOTICE OF HEARING ON OBJECTION TO CLAIM

Pursuant to Bankruptcy Rule 3007, Local Rule 3007-1 and Administrative Order 99-4, the Debtor objects to the following claim filed in this case:

**COMES NOW** the Debtor, **Aleida C. Nunez,** by and through her undersigned counsel and objects to the Proof of Claim filed by Reverse Mortgage Solutions, Inc., (claim number 3), hereinafter referred to as "Creditor" and as grounds therefore would show:

1. On or about January 3, 2018 Creditor filed a Proof of Claim (Claim No.: 3) alleging a secured claim in the amount of $390,671.74 and reflecting that the entire amount was due as arrearage. As the Creditor is a reverse mortgage there is no principal and interest owed on the debt.

2. Under information and belief the Creditor was foreclosing on the subject property which is being treated in the plan for failure to maintain insurance on the property. However, forced-place insurance was paid by the Creditor prior to the foreclosure being filed in State Court.

3. The Creditor did not provide a breakdown for any escrow deficiencies.

4. The arrearage in the claim should be reduced to the amount expended by the Creditor for escrow advances for which it has not been reimbursed.

5. A review of the claim reveals that the Creditor disbursed $6,720.47 in November, 2011, but was reimbursed in the amount of $5,974.91 on February 3, 2012, leaving a difference of $ 745.56. The Proof of Claim on page 21 reflects a disbursement in the amount of $1,963.45, but does not state the reason for the disbursement. These two disbursements total $ 2,709.01.

**WHEREFORE**, for the above reasons Debtor's pray this Honorable Court enter an order sustaining the Debtor's objection to claim number 3 and the arrearage in claim number 3 should be reduced to any expenditures for escrow amounts for which the Creditor has not been reimbursed.

**You are hereby notified that:** A hearing on this objection will be held on <u>May 8, 2018</u> at 9:00 a.m. at: Clyde Atkins Federal Courthouse, 301 N. Miami Avenue, Courtroom 8, Miami, FL 33128.

The movant, or movant's counsel, <u>Freire & Gonzalez, P.A.</u>, shall serve a copy of this objection and notice of hearing on all required parties and shall file this original objection and notice and completed certificate of service (printed on reverse) with the court *not later than 13 days prior to the hearing date*.

> All moving or objecting parties shall bring to the hearing, a proposed order, sustaining their position, with appropriate copies and envelopes.

## CERTIFICATE OF SERVICE AND COMPLIANCE
## WITH LOCAL RULE 9073-1(D)

I HEREBY CERTIFY that a true and correct copy of the foregoing **OBJECTION TO PROOF OF CLAIM OF REVERSE MORTGAGE SOLUTIONS, INC.**, has been filed this ___6___ day of ___April___, 2018, and a copy of the accompanying Notice of Hearing was mailed to **Nancy K. Neidich**, Chapter 13 Trustee, via NEF, **all registered users of ECF**, via NEF, **Reverse Mortgage Solutions, Inc., c/o Robertson, Anschutz & Schneid, P.L., Attn: Ashley Albino**, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, **Reverse Mortgage Solutions, Inc., c/o Robertson, Anschutz & Schneid, P.L., Attn: Christopher P. Salamone, Esq.**, via NEF and **Debtor** via first class mail.

I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1-A.

_/s/ Laila Gonzalez_
FREIRE & GONZALEZ, P.A.
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[X] Laila S. Gonzalez, Esq. FBN: 0975291
[ ] Gianny Blanco, Esq., FBN: 0078080
10647 N Kendall Dr
Miami, FL 33176
Tel: (305) 826-1774
Fax: (305) 826-1794
courtdoc@fgbkc.com