UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    Case No.: 17-21018-LMI

Aleida C. Nunez,                                                                  Chapter 13

Debtor.

_____/

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION <u>TO HOLD CASE OPEN AND REQUEST FOR EVIDENTIARY HEARING</u>**

**COMES NOW** the Debtor, **ALEIDA C. NUNEZ**, by and through her undersigned counsel and submits this Memorandum in support of Debtor's Amended Motion to Hold Case Open Pending Florida Supreme Court Decision in *OneWest FSB v. Palmero* and Approving Attorneys' Fees (D.E. 174), and requests an evidentiary hearing to develop the record and clarify the ambiguities found by the District Court in the mortgage held by Reverse Mortgage Solutions ("RMS"), and states:

**STATEMENT OF FACTS**

1. The Subject Property located at 9940 SW 155 Avenue, Miami, FL 33196 was purchased in July of 2005 by the Debtor's mother, Olga Nunez.

2. Mrs. Nunez added the Debtor to the title of the property, by way of a quit claim deed, in December of 2005 as evidenced by the quit claim deed recorded in OR Book 24099, Page 3226 of the Public Records of Miami-Dade County, Florida.

3. The Debtor's husband saw a television advertisement with regard to reverse mortgages and contacted World Alliance Financial Corp., or their agents. The agent made an appointment to meet with the Debtor and her mother. Two individuals, a man and a

woman came to the Debtor's home for a very brief visit offering to give a reverse mortgage on the property to the Debtor and her mother. World Financial paid off the mortgage on the property in the amount of $155,726.96 to Chase Home Finance. World Financial charged $24,866.25 in additional settlement charges. The mortgage with Chase Home Finance was current.

4. The Debtor was on the title to the property, and relied on the representations of the lender's agents that the property would remain hers and that, if she was over the age of 62 when her mother died, she was entitled to remain living in the home until either she died or moved out.

5. On June 24, 2008, the Debtor and her mother, Olga Nunez, jointly executed an Adjustable Rate Home Equity Conversion Mortgage (the "Mortgage"), recorded on July 14, 2008, in OR Book 26476, Page 3178, of the Public Records of Miami-Dade County, Florida. Because her name was on the Mortgage, Debtor believed that she was a Borrower on the instant loan.

6. On September 5, 2015, Creditor, now Reverse Mortgage Solutions ("RMS"), filed a Complaint and initiated foreclosure proceedings against the Debtor and her mother for failure to maintain taxes and insurance on the Subject Property. Olga Nunez passed away on July 23, 2016.

7. On August 30, 2017, the Debtor filed the instant case and proposed to cure the default by paying the amounts owed for taxes and insurance. RMS objected, claiming that the entire amount secured by the Mortgage was now due and payable, because of Olga Nunez's death, and that Olga Nunez was the sole Borrower.

8. Finding the terms of the Mortgage to be clear and unambiguous, this Court denied the objection, concluding as a matter of law that the Debtor was a Borrower. No evidentiary hearing was held, and this Court held that it was not necessary or appropriate to look at the other loan documents. RMS appealed, *Reverse Mortgage Solutions, Inc. v. Aleida Nunez*, Case No. 18-22204-WILLIAMS.

9. The District Court reviewed this Court's legal conclusions *de novo.* On January 23, 2020, the District Court held that "the Court cannot conclude that it is plain and unambiguous that the Security Instrument treats Debtor as a 'borrower,'" and applied the doctrine of mutual construction, notwithstanding the superseding opinion in *OneWest Bank, FSB v. Palmero,* 283 So.3d 346 (Fla. 3d DCA 2019) ("*Palmero*") (D.E. 28, at 7). Debtor's motion for rehearing was denied (D.E. 37) and her appeal to the Eleventh Circuit was dismissed (D.E. 170).

10. The *Palmero* decision was appealed to the Florida Supreme Court, where the issues were argued in December 2020. The matter is still pending, awaiting the Supreme Court's determination.

## **MEMORANDUM OF LAW**

This Court decided the issues relating to the Debtor's plan and RMS's objection as a matter of law, interpreting the language of the Mortgage. The District Court reviewed the Bankruptcy Court's decision *de novo,* and drew its own legal conclusions, finding that, on the record presented, the Mortgage was ambiguous. The District Court therefore considered additional documents - not signed by the Debtor - and concluded that the Debtor was not a Borrower. Neither Court made findings as to the parties' intent or understanding, and the rulings were based solely on documents relating to the loan.

Because the District Court found the Mortgage to be ambiguous, an evidentiary hearing is appropriate to allow the parties to submit parol evidence for clarification of the parties' intent, and to create a more complete record. Indeed, the District Court's Orders contemplate such a hearing, in that the case was remanded for further proceedings in this Court. The Order on the motion for rehearing notes that "the facts <u>in this record</u>" did not establish that Debtor is a borrower as a matter of law. (D.E. 37 at 5, emphasis added). Moreover, the Order states that "It is <u>unclear</u> whether Debtor signed the [Mortgage] because of her future interest as a remainderman or because she is a 'borrower'." (*Id*. at 7, emphasis added).

An evidentiary hearing is required under these circumstances. In *Nationstar Mortgage Company v. Levine,* 216 So.3d 711(Fla. 4th DCA 2017), a matter dealing with very similar facts, the defendant was identified as a Borrower in portions of the mortgage document identical to the portions of the Mortgage here that identify Debtor as a Borrower. However, the words "Non-Borrower" were typed under the defendant's signature in *Levine* where in the present case the word "Remainderman" appears. On appeal the district court in *Levin*e reversed the summary judgment that had been entered in defendant's favor and remanded for a full evidentiary hearing to clarify defendant's status:

> The construction of the present contract is at issue only because the agreement contained conflicting indications as to Mrs. Levine's status as a borrower. It follows, then, that the contract may be properly construed only after a consideration of the circumstances under which it was made and the meaning ascribed by the parties to its ambiguous language. The parties must therefore be afforded the opportunity to offer proof, not merely by affidavit or argument, but on a trial of the action.

*Id.* at 717.

The Debtor was on title to the subject property prior to the execution of the Mortgage. She understood that she and her mother would be able to live in the property during the Debtor's lifetime as long as she was 62 when her mother died, the property remained the Debtor's

principal residence, and taxes and insurance were paid. This understanding is reflected in Debtor's bankruptcy plan, which contemplates payment only of the arrears in taxes and insurance. As a title owner already, it would appear clear that the Debtor and her mother would not have agreed to endanger the Debtor's homestead absent the lender's assurance that Debtor would not lose her home upon her mother's death.

In addition, the documents of record in this matter themselves raise issues that were not addressed, and that require further consideration. If the Debtor is not a Borrower, the Bankruptcy Court noted that the validity of the Mortgage may be in question. Although the District Court concluded that Debtor is not a Borrower, based on the limited record it had before it, it did not consider the effect of Debtor's non-borrower status on the validity of the Mortgage. Instead, "because the record is not fully developed the Bankruptcy Judge may need to hold an evidentiary hearing on this issue at a future date." (D.E. 28 at 9-10, fn 3). Debtor now requests that evidentiary hearing.

Debtor furthermore requests that such evidentiary hearing not be set until after the Florida Supreme Court has issued its ruling in *Palmero*. The District Court's first Order was issued prior to the *Palmero* decision, and was based in part on a prior ruling of the Florida Third District Court of Appeal that was withdrawn and superseded by *Palmero*. In both *Palmero* and the instant case the party asserting borrower status was defined as such both in the first paragraph of the mortgage and immediately above the signatures.

Moreover, as the District Court notes, in *Palmero* certain covenants of the mortgage would only be accurate if Mrs. Palmero were a borrower. (D.E. 37 at 7). In the present case the District Court stated in both its Orders that failing to consider the Mortgage with the other loan documents the Debtor did not sign "would nullify the terms of the Note." (D.E. 28 at 14; D.E. 37

at 7). If the Debtor is found to be a Borrower after a full evidentiary hearing, the Note and Mortgage would be consistent and both would have full force and effect. The only difference would be the timing of repayment, since RMS would have to wait until Debtor left the property. As the loan is fully insured, RMS would not be prejudiced.

The Florida Supreme Court's ruling in *Palmero,* dealing with remarkably similar facts and issues, may well determine some of the issues remaining in this case. It would therefore be in the interest of justice and sound judicial administration to hold this matter open pending the determination of *Palmero*. An evidentiary hearing thereafter would develop the record further and assist the Court in making a final determination as to Debtor's status.

The Debtor has incurred attorney's fees in bringing and prosecuting the instant motion.

**WHEREFORE**, the Debtor requests that this Court enter an Order holding open the instant case pending the decision of the Supreme Court of Florida in the case of *One West Bank, FSB v. Palmero* and for evidentiary hearing in order to determine whether the Debtor is a Borrower with regard to Reverse Mortgage Solutions or whether the Security Instrument would be void if the Debtor is not a "Borrower" and approving Debtor's Counsel's request for attorney's fees.

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 1st day of February, 2021 along with the accompanying to **Nancy K. Neidich**, **Esq**., Chapter 13 Trustee, via NEF, **all registered users of ECF** via NEF, **all creditors** in the attached matrix and **Debtor** in the instant case via regular mail.

*/s/Laila S. Gonzalez*
FREIRE & GONZALEZ, P.A.
Attorneys for Debtor
Edward Freire, Esq. FBN: 0813771
Laila S. Gonzalez, Esq. FBN: 0975291
Gianny Blanco, Esq., FBN: 0078080
10691 North Kendall Drive, Ste. 207
Miami, FL 33176
Tel: (305) 826-1774
Fax: (305) 826-1794
courtdoc@fgbkc.com

LEGAL SERVICES OF GREATER MIAMI, INC.
4343 West Flagler Street, Suite 100
Miami, Florida 33134
Telephone/Facsimile: 305-438-2403
Email: jhearne@legalservicesmiami.org
mlong@legalservicesmiami.org

    /s/ *Jeffrey Hearne*
Jeffrey M. Hearne, Esq.
Florida Bar No. 512060
Maxine M. Long, Esq.
Florida Bar No. 286842